United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 30, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 05-30913
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON M. TURNER,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
(05:04-CR-50170-1)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jason Turner appeals his 210-month sentence, following his guilty-plea conviction, for conspiracy to distribute 50 grams or more of methamphetamine or 500 grams or more of a substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. Turner contends the district court erroneously enhanced his sentence, pursuant to Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Guidelines § 3B1.1(c), for directing and supervising another participant's activities.

A factual finding that a defendant was an organizer, leader, manager, or supervisor under § 3B1.1(c) is reviewed only for clear error. *E.g.*, *United States v. Gonzales*, 436 F.3d 560, 584 (5th Cir.), *cert. denied*, 126 S. Ct. 2363 (2006). Among other things, the presentence report stated Turner's roommate, Guy Wilbanks, served as Turner's personal assistant in distributing drugs and maintaining Turner's financial records; and, at sentencing, a police officer gave unrebutted testimony that Wilbanks drove a drug shipment from Phoenix to Dallas at Turner's direction. Therefore, the district court did *not* clearly err in imposing the enhancement. *E.g.*, *United States v. Turner*, 319 F.3d 716, 725 (5th Cir.) (upholding a § 3B1.1(c) two-level enhancement when the district court did not clearly err in finding defendant was an "organizer, leader, manager, or supervisor" in a marijuana conspiracy), *cert. denied*, 538 U.S. 1017 (2003).

Because the district court did *not* err in imposing the § 3B1.1(c) enhancement, we need not reach Turner's contention that his resulting bottom-of-the-advisory-Guidelines-range sentence is unreasonable.

*AFFIRMED*

2